The People of the State of Illinois ex rel. Effie D. Sigler, Appellee, v. James P. Allman et al., Appellants.

Gen. No. 36,902.

Opinion filed June 26, 1935.

WILLIAM H. SEXTON, Corporation Counsel, and FRANCIS J. VURPILLAT, Assistant Corporation Counsel, for appellants.

R. E. BLACKWOOD, of Chicago, for appellee.

MR. JUSTICE HALL delivered the opinion of the court. This is an appeal by James P. Allman, commissioner of police of the City of Chicago, the city comptroller, the city treasurer and the members of the civil service

commission of such city, from an order entered in the circuit court of Cook county in a mandamus proceeding brought by Effie D. Sigler, directing them to reinstate her in the position of censor of moving pictures in the classified service of the City of Chicago. The cause was heard on the general demurrer to the petition of the relator filed by the above named officials. The demurrer was overruled and the order entered, from which this appeal is prosecuted.

The petition recites in substance that on August 24, 1914, petitioner took the examination for the position of "censor of moving pictures," passed such examination, and that her name appeared first on the eligible list; that thereafter, on requisition of the police department, she was certified by the civil service commission to the police department, reported for duty and continued to perform such duties almost continuously until 1926; that in 1926 she was permitted to and did take the promotional examination for the position of "censor of moving pictures in charge," and as a result of such examination, she was certified and appointed to such position; that as "censor of moving pictures in charge," she performed the same duties as "censor of moving pictures," and in addition, was given added responsibilities and duties; that on various occasions in the month of June, 1932, she notified the civil service commission that in view of the fact that no future appropriation was to be made for the position of "censor of moving pictures in charge," that her name be restored to the list of "censors of moving pictures," that her seniority be recognized, and that her salary as such be paid out of moneys appropriated for censor in charge up to July 1, 1932, that the position of "censor of moving pictures in charge" was abolished by reason of the fact that the City of Chicago made no appropriation for such position, and that her name was placed on

the reinstatement list of "censor of moving pictures in charge" and on the list of "censor of moving pictures," and that on July 18, 1932, she demanded of the chief of police that she be reinstated to the position of "censor of moving pictures" at once, but that defendants had failed and neglected to so reinstate her and she prayed that defendants, mentioning all of them, be ordered to restore her to the position of "censor of moving pictures," and that they preserve and keep her in such position. The petition recites the following rule of the civil service commission of the City of Chicago:

"Section 1, of Rule IX, adopted by the Civil Service Commission of the City of Chicago, in accordance with the provisions of the statute above mentioned, reads as follows: 'Section 1. Layoffs. Whenever it becomes necessary, through lack of work or funds, or for other cause, to reduce the force *in any employment in any department or bureau, the person who was last certified to such employment shall be the first laid off.* Persons laid off in accordance with the foregoing procedure shall be entitled to have their names placed on the reinstatement list according to the seniority of their certifications.' "

While petitioner's brief is confusing, still, as we understand it, her contention is that because the position of "censor of moving pictures in charge" was abolished, that position being a promotional one and higher in rank than the position of "censor of moving pictures," that she has seniority over those in lower rank positions, and that upon the abolition of the office to which she was promoted, she is entitled to immediate appointment in the lower rank, even though there be no vacancy in such position. The petition does not allege that any such vacancy exists. On the contrary, the court's order indicates that the position petitioner seeks is already filled. The only rule of the civil service

commission of the City of Chicago pleaded by petitioner is section 1 of Rule IX, a part of which has heretofore been quoted, which seems to us to be very clear in its language and is decisive of the proposition that petitioner is not entitled to appointment until a vacancy exists. The portion of the rule referring to this subject is as follows:

"Any officer or employe whose position has been abolished for lack of work or funds may, upon application, have his name placed on the reinstatement list *in any lower rank or grade* from which he was promoted, according to his examination and seniority of certification. Any officer or employe who elects to accept certification to such position *in any lower rank or grade* shall remain on the reinstatement list of the position from which he was separated on account of lack of work or funds and on the reinstatement list of any intermediate rank or grade in which he has seniority rights, and he shall be eligible to reinstatement in any vacancy occurring in such position in accordance with his seniority rights therein."

The finding and order from which this appeal is being prosecuted contains the following recitation:

"The court further finds that petitioner by right of seniority of service in the said petition of Censor of Moving Pictures is entitled to be restored to said position forthwith and the court finds that the position of Censor of Moving Pictures held by the last eligible to have been certified must be vacated and that the petitioner is entitled to immediate reinstatement in said position of Censor of Moving Pictures in the Classified Civil Service of the City of Chicago."

It may be noted that the effect of the court's finding and order is that the occupant of the position sought by petitioner be ousted and that petitioner be given the place. Inasmuch as this person is not a party to the

proceeding, any rights of such person are being adjudicated without due process of law. The court erred in entering the order. The order of the circuit court is reversed.

*Reversed.*

HEBEL, P. J., and WILSON, J., concur.